**Price Law Group, APC**
5940 S. Rainbow Blvd., Suite 3014
Las Vegas Nevada, 89118
Phone: 702-794-2008
alpert@pricelawgroup.com

Steven A. Alpert, NV Bar #8353
*Attorneys for Plaintiff Jacey Pacha*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
## LAS VEGAS DIVISION

| | |
|---|---|
| JACEY PACHA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CREDIT ONE BANK, N.A.,<br><br>　　　　Defendant. | **Case No.: 2:20-cv-148**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>　1. **TCPA, 47 U.S.C. § 227,**<br><br>　2. **Invasion of Privacy - Intrusion Upon Seclusion** |

## COMPLAINT FOR DAMAGES

Plaintiff, Jacey Pacha ("Plaintiff"), through her attorneys, alleges the following against Credit One Bank, N.A., ("Defendant"):

## INTRODUCTION

1.　Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things,

the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendants transact business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in the State of Kansas.

7. Defendant is a financial services company engaged in the business of giving credit cards, personal loans and offering other financial services. Defendant can be served at its principal place of business located 6801 South Cimarron Road, Las Vegas, NV 89113.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. In or around May of 2019, Defendant began placing calls to Plaintiff's cellular phone, ending in 0322, in an attempt to collect an alleged debt.

10. The calls placed by Defendant originated from the following numbers: (956) 275-2195, (210) 674-9074, (856) 212-0932, (779) 218-8951, (435) 222-5762, (973) 521-8112, (480) 400-1280, (914) 650-0851, (661) 553-4132, (480) 510-3471, (567) 318-6402, (501) 443-8114, (567) 318-6352, (213) 418-1639, (434) 829-4342, (531) 200-6514, (531) 200-6565, (531) 200-6616, (531) 365-8420, (531) 365-8220, (531) 200-2911, (531) 200-6013, (402) 287-7704, (402) 287-7761, (402) 287-7807, (531) 200-2808, (531) 365-8317, (402) 287-7774, (531) 200-6011, (531) 200-2808, (531) 200-2909, (531) 200-0387, (531) 365-8217, (531) 365-8320, (531) 200-0417, (531) 365-8417, (402) 287-7704, (531) 200-0387, (531) 200-0417, and (402) 287-7807.

11. On or about May 11, 2019, at 2:13 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative, from telephone number (956) 275-2195.

12. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Credit One account.

13. Plaintiff unequivocally revoked consent to be called any further. Plaintiff informed Defendant that she was unable to make a payment due to her recent lack of employment and requested that any further communication from Defendant be in writing only. Plaintiff also informed Defendant that she would call back when she is able to make a payment.

14. Despite Plaintiff's request not to be contacted on her cellular phone any further, Defendant continued to call Plaintiff.

15. Between May 11, 2019 and October 8, 2019, Defendant called Plaintiff no less than two hundred and eighty (280) times, with Defendant calling Plaintiff five (5) to six (6) times a day and occasionally up to eight (8) times in one day.

16. Many times, when Plaintiff answered calls from Defendant, there was a pre-recorded message or no person on the phone.

17. The repeated calls placed by Defendant were a constant distraction and reminder of her financial situation, resulting in stress and anxiety.

18. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

## COUNT I
**Defendant Credit One's Violations of the TCPA, 47 U.S.C. § 227**

19. Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

20. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

21. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an

COMPLAINT AND DEMAND FOR JURY TRIAL
- 5 -

award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### Defendant Credit One's Invasion of Privacy
### (Intrusion upon Seclusion)

22. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

23. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

   b. Defendants conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

   c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

//

//

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Jacey Pacha, respectfully requests judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

**Price Law Group, APC**

Dated: January 22, 2020        By:*/s/Steven A. Alpert*
Steven A. Alpert, NV Bar #8353
5940 S. Rainbow Blvd., Suite 3014
Las Vegas Nevada, 89118
Phone: 702-794-2008
alpert@pricelawgroup.com
*Attorneys for Plaintiff Jacey Pacha*