UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| JACEY PACHA, | | Case No. 2:20-cv-00148-KJD-BNW |
| | Plaintiff, | ORDER |
| v. | | |
| CREDIT ONE BANK, N.A., *et al.*, | | |
| | Defendant. | |

Presently before the Court are Plaintiff's Motions to Amend the Complaint (#8/19). Defendant Credit One Bank, N.A. ("Credit One") filed responses in opposition (#10/20) to which Plaintiff replied (#11/21). Also, before the Court is the Report and Recommendation (#18) of Judge Brenda Weksler recommending that Plaintiff's motion to amend be denied without prejudice and ordering that a further motion to amend be filed no later than September 25, 2020. Neither party filed objections to the report and recommendation. Plaintiff did file her second Motion to Amend (#19) on September 25, 2020. Finally, before the Court is Defendant Credit One's Motion to Compel Arbitration (#6) and Motion to Dismiss (#7). Plaintiff filed a response in opposition (#15).

I. Magistrate's Report and Recommendation

No party filed objections to the report and recommendation in which the magistrate judge recommended denying Plaintiff's motion to amend because Plaintiff agreed that the claims against Credit One were subject to arbitration and Plaintiff would agree to stipulate to dismissal of Credit One AFTER doing discovery. By failing to file objections, Plaintiff consented to the magistrate judge's order becoming law of the case.

///

1  The Court has conducted a de novo review of the record in this case in accordance with
2  28 U.S.C. § 636(b)(1) and LR IB 3-2.  The Court determines that the Report of Findings and
3  Recommendation (#18) of the United States Magistrate Judge entered August 31, 2020, should
4  be **ADOPTED** and **AFFIRMED.**  The Court finds it unusual that Plaintiff, having consented to
5  the magistrate's order, should then file an amended complaint that fails to cure the defects noted
6  by the court. This counsels in favor of denying Plaintiff's subsequent motion to amend (#19) and
7  granting Defendant's motion to compel arbitration and dismiss.
8  II. Motion to Compel Arbitration
9  Plaintiff brings claims against defendant for allegedly unlawful debt collection practices.
10 In response, Defendant moves to compel arbitration.  Plaintiff "stipulates to the dismissal of her
11 claims" against Credit One, but requests that the Court deny the motion to dismiss. See
12 Response, Doc. No. 15, p.2 *8-9. Plaintiff does not fundamentally disagree with defendant's
13 arguments but asserts that limited discovery is appropriate prior to arbitration.  (ECF No. 19/21).
14 "[T]he Ninth Circuit has explained that the FAA provides for discovery in connection with a
15 motion to compel arbitration only if 'the making of the arbitration agreement . . . be in issue.'"
16 Newton v. Clearwire Corp., 2:11-CV-00783-WBS, 2011 WL 4458971, at *2 (E.D. Cal. Sept. 23,
17 2011) (quoting Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 726 (9th Cir. 1999)).  Here, there is
18 no dispute over the enforceability of the arbitration clause.  Plaintiff instead asks for discovery so
19 that she may discern the identities of the Doe defendants.  The Court declines plaintiff's request.
20 "Because arbitration is fundamentally a matter of contract, the central or primary purpose
21 of the FAA is to ensure that private agreements to arbitrate are enforced according to their
22 terms." Momot v. Mastro, 652 F.3d 982, 986 (9th Cir. 2011).  To be enforceable, an arbitration
23 agreement must satisfy the following conditions: (1) the existence of a written agreement to
24 arbitrate claims, (2) a nexus to interstate commerce, and (3) coverage of the claims by the
25 arbitration clause.  9 U.S.C. § 2; see also Hanks v. Briad Rest. Grp., L.L.C., No. 2:14-CV-00786-
26 GMN, 2015 WL 4562755, at *2 (D. Nev. July 27, 2015).
27 Considering these factors, the court finds that the arbitration clause is enforceable.  A
28 written arbitration clause, broadly governing this dispute, clearly and inconspicuously exists. An

agreement governing a credit card account is accepted when the card is used after receiving the agreement. See Nev. Rev. Stat. § 97A.140 ("A cardholder shall be deemed to have accepted the written terms and conditions provided by the issuer upon subsequent actual use of the credit card"). Plaintiff does not generally dispute agreement to the arbitration provision. Accordingly, the court grants the motion to compel arbitration.

The court also grants defendant's motion to dismiss. Here, "the arbitration clause [i]s broad enough to bar all of the plaintiff's claims." See Sparling v. Hoffman Const. Co., 864 F.2d 635, 638 (9th Cir. 1988). In such cases, dismissal is appropriate. Id.; see also Ricci v. Beazer Home Holding Corp., No. 2:09-CV-01902-RLH-RJJ, 2010 WL 11579685, at *4 (D. Nev. Feb. 12, 2010) ("Because the parties' arbitration provision is valid and enforceable, the Court finds that dismissal is appropriate."). Furthermore, arbitration will presumably occur in Kansas and the award may be confirmed by a court in that jurisdiction.

III. Motion to Amend and Doe Defendants

Plaintiff's failure to address the deficiencies noted by the magistrate judge is fatal to their amended complaint. Plaintiff's briefing makes it clear that the purpose of naming Credit One, in the face of the valid arbitration provision, is solely to bring to bear the subpoena power of the Court to fish for alternative defendants. Essentially, as has been found by other departments in this jurisdiction, Plaintiff has brought this case against only fictitious defendants, Does 1 through 5.[1]

This district and circuit have expressly disapproved of this practice. See Craig v. United States, 413 F.2d 854, 856 (9th Cir. 1969) ("There is no provision in the federal statutes or Federal Rules of Civil Procedure either authorizing or expressly prohibiting the use of fictitious parties."); Tolefree v. Ritz, 382 F.2d 566, 567 (9th Cir. 1967) ("[This case] was also properly dismissed as to the fictitious defendants[.] If plaintiff later ascertains the names of additional persons he wishes to join as defendants, the Federal Rules of Civil Procedure provide a way of doing so."); Sigurdson v. Del Guercio, 241 F.2d 480, 482 (9th Cir. 1956) ("It is inviting disaster

---

[1] See Merritt v. DOES 1-5, Case No. 2:20-cv-00902-JCM-DJA (D. Nev.) (July 13, 2020) (ECF No. 12); Merritt v. Credit One Bank, N.A., Case No. 2:20-cv-1335-JCM-VCF (D. Nev.) (Sept. 28, 2020) (ECF No. 11).

to . . . allow fictitious persons to remain defendants if the complaint is still of record. Appropriate action has been taken by the trial court on its own motion in some such cases."); see also Graziose v. Am. Home Prod. Corp., 202 F.R.D. 638, 643 (D. Nev. 2001) ("'[G]enerally, 'Doe' pleading is improper in federal court[.] If there are unknown persons or entities, whose role is known, that fact should be expressed in the complaint, but it is unnecessary and improper to include 'Doe' parties in the pleadings.").

District courts are empowered to act on their own discretion to dismiss fictitious defendants. Id.; see also McConnell v. Marine Engineers Beneficial Ass'n Ben. Plans, Dist. 1--Pac. Coast Dist., 526 F. Supp. 770, 774 (N.D. Cal. 1981) ("The practice of suing fictitious defendants has been disapproved in this circuit and a district court may act on its own motion in dismissing these unnamed defendants."). Especially where plaintiff has not offered any defendants other than its five fictitious defendants, judicial economy is served by this dismissal. The underlying facts of this matter—where plaintiff does not know the identities of the individuals who allegedly represented themselves as Credit One Bank, N.A. -- does not change this court's decision.[2] In light of the lack of remaining defendants in this matter after arbitration has been compelled and the complaint dismissed, Plaintiff's claims against Doe defendants are dismissed without prejudice.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation (#18) entered August 31, 2020, is **ADOPTED** and **AFFIRMED**;

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend (#8) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Motion to Compel Arbitration (#6) and Motion to Dismiss (#7) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiff's Second Motion to Amend (#19) is **DENIED**;

///

---

[2] Plaintiff may conduct discovery in arbitration. Arbitration does not prevent Plaintiff from filing valid claims against third-parties not covered by the arbitration agreement upon discovery of their identities.

IT IS FURTHER ORDERED that claims against Doe Defendants are **DISMISSED without prejudice**.

Dated this 29th day of October, 2020.

_____
Kent J. Dawson
United States District Judge